COMMERCIAL TANK SERVICE PIPING, INC., n/k/a Johnston's Master Service, Inc., by Florence L. Johnston, President, Plaintiff and Counterdefendant-Appellee, v. TROPICANA ENERGY COMPANY, INC., *et al.*, Defendants and Counterplaintiffs-Appellants.

Third District   No. 3—90—0011

Opinion filed March 27, 1991.

David G. Pribyl and Ronald J. Braida, both of Goldstine & Braida, Ltd., of Summit (Robin S. Kardon, of counsel), for appellant.

Dorothy Seaborg, of Joliet, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Defendant Tropicana Energy Company, Inc., appeals from a judgment in favor of plaintiff Johnston's Master Service, Inc., in the sum of $78,000 entered in the circuit court of Will County following a jury trial. The matters in dispute arose out of a contract whereby plaintiff was to perform various tank service work to repair and restore to op-

erating condition defendant's petroleum blending plant in Forestview, Illinois.

The 1985 contract provided that defendant would pay plaintiff the cost of materials and supplies used plus 15% and would pay $30 per man hour of labor, $10 per hour for use of a welding truck, and $3 per hour for a pickup. Plaintiff performed work at defendant's plant site from July 31, 1985, until January 29, 1986, and defendant paid about $342,500 on invoices submitted by plaintiff.

In July of 1987 plaintiff filed this breach of contract action seeking $82,515 for items billed to defendant and not paid. Defendant's answer admitted the existence and terms of the contract as alleged by plaintiff but asserted as affirmative defenses that plaintiff had breached the contract by overcharging and by failing to perform as promised. In addition, defendant filed a counterclaim seeking damages for various breaches of contract and overcharges.

The jury was given four verdict forms, one in favor of plaintiff and one in favor of defendant on the complaint and one in favor of each on the counterclaim. At the conclusion of its deliberations, the jury returned a verdict for plaintiff in the sum of $78,000 and presented to the court the appropriate signed verdict form for the action on the complaint. Neither verdict form relating to the counterclaim was signed. At defendant's request, the trial court polled the jury. Defendant made no objection to the jury's failure to return a verdict on the counterclaim prior to the entry of judgment, but the issue was included in defendant's post-trial motion. The trial court denied the post-trial motion.

On appeal defendant seeks to have the judgment reversed on the ground that the verdict on the complaint was invalidated by the failure of the jury to return a verdict on the counterclaim.

■■ The applicable rule has been stated as follows:

"Where, in a multiple-action trial, the jury returns a verdict on one action or claim that is silent as to the other actions submitted to them, the court will, if the manifest intention of the jury is sufficiently certain, make the verdict conform to that intention and carry their findings into effect as to the other action." *Sesterhenn v. Saxe* (1967), 88 Ill. App. 2d 2, 11, 232 N.E.2d 277.

The question here is: What was the intention of the jury? The pleadings disclose that defendant's affirmative defenses set forth virtually the same conduct on plaintiff's part as is alleged in defendant's counterclaim. Defendant alleged as affirmative defenses that plaintiff breached the contract by overcharging for labor, by inflating the num-

ber of hours of labor, by failing to install certain electrical lines, by failing to meet the time schedule, by providing faulty and substandard services, and by providing services not requested by defendant. Furthermore, in referring to count II of the complaint, defendant expressly incorporated the allegations of the counterclaim into the answer, and as to the affirmative defenses, defendant said that plaintiff's wrongful acts were "stated more specifically in the counterclaim."

The counterclaim itself alleged that plaintiff breached the contract by overcharging for labor by increasing hourly rates and wrongfully inflating the number of hours worked, by installing a concrete pad not requested, by failing to install several lines as requested, by failing to meet the required time schedule, by providing faulty and substandard installation of lines, equipment pumps, and wiring, by installing a flag pole without defendant's request, by building a taxidermy deer stand and billing defendant, and by billing overtime at time-and-a-half while actually paying employees at regular time rates.

■ The jury could reasonably have concluded that a finding for plaintiff on the complaint was a finding against defendant on both its affirmative defenses and its counterclaim since the same conduct was alleged in both pleadings. The trial judge's ruling is consistent with that view. Furthermore, having incorporated the allegations of the counterclaim into its answer, defendant is not in a position to argue that the jury's intention as to the counterclaim cannot be determined from its verdict rejecting defendant's defenses to the complaint. We conclude that the trial court did not abuse its discretion in allowing the judgment entered on the verdict to stand.

■ As a technical matter, the trial court should have entered a judgment for plaintiff on the counterclaim. The absence of any disposition of the counterclaim renders the judgment partial, not final, and thus not appealable. However, in the interest of judicial economy, we have considered the merits of this appeal as though a final judgment had been entered on all pending claims since that was plainly the intent of the trial court in denying defendant's post-trial motion.

Defendant has also asserted a number of trial errors as grounds for reversal of the judgment entered against it. We have examined each issue, we conclude that the disputed rulings of the trial court did not amount to reversible error, either individually or collectively.

■ One of the errors asserted involved a motion *in limine* granted by the trial court barring evidence pertaining to any other claim or lawsuit against defendant. During examination of an electrical contractor who had also worked on the project, plaintiff's counsel

asked if defendant had lived up to its agreement with the witness, and the witness answered "No." Defendant argues that this question and answer violated the order since in fact the witness had filed suit against defendant. The trial court refused to grant a mistrial on the basis of this question and answer. The witness made no mention of any claim or lawsuit, and any inference to the contrary did not constitute the sort of clear violation of a motion *in limine* that would so prejudice defendant as to deny it a fair trial. (*Smith v. Perlmutter* (1986), 145 Ill. App. 3d 783, 496 N.E.2d 358.) Here the trial court's ruling was not erroneous.

■ Additionally, defendant contends that the trial court wrongly refused to grant a mistrial when plaintiff introduced religion and insurance into the proceedings. The only mention of religion was extremely remote to the cause of action. Florence Johnston, president of plaintiff corporation, explained that, when renaming the corporation, she selected the name "Johnston's Master Service, Inc.," because "the Lord is my master." This remark did not, in the view of the trial court, prejudice defendant, and we agree.

Also during Florence Johnston's testimony, she was asked why she changed the name of the corporation, and she responded that it had become difficult to obtain liability insurance under the company's previous name. The witness was speaking of plaintiff's insurance, not defendant's. The testimony was stricken, and the jury instructed that insurance had nothing to do with this lawsuit and that there was no insurance coverage in this case. The trial court denied a motion for mistrial. Under the circumstances, we cannot say that the court abused its discretion.

The other rulings challenged on appeal were all matters well within the discretion of the trial court, and we find that the court did not abuse that discretion as to any ruling.

For the reasons stated, we affirm the judgment entered in the circuit court of Will County in favor of plaintiff.

Affirmed.

McCUSKEY and SLATER, JJ., concur.